# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

CYNTHIA T. BENVENUTTI             CIVIL ACTION

VERSUS                                 NO: 09-3402

HOLBERT, ET AL.,                   SECTION: "C" (5)

## <u>ORDER AND REASONS</u>

Before the Court is plaintiff's Motion to Remand. (Rec. Doc. 9.) Defendants oppose. (Rec. Doc. 12.) Based on the record in this case, the memoranda by parties, and the applicable law, the Court GRANTS plaintiff's motion.

## I. BACKGROUND

This is the second notice of removal filed for this claim. The plaintiff, Cynthia Benvenutti, filed suit in state court on April 29, 2008 for damages allegedly caused by an automobile accident. On June 2, 2008, the defendants removed based on diversity of parties and the amount in controversy. (C.A. 08-3615, Rec. Doc. 1) On October 8, 2008, this Court remanded the matter back to state court because the evidence did not demonstrate that the required amount in controversy was present. (Rec. Doc. 14.) On April 29, 2009, defendants filed another notice of removal claiming additional information demonstrates that plaintiff claims more than $75,000. (C.A. 09-3402, Rec. Doc. 1).

Plaintiff filed the instant Motion to Remand (Rec. Doc. 9) arguing that defendants' removal is untimely and that the requisite amount in controversy has not been proven.

Defendants oppose stating that the notice was filed a) within 30 days of receiving notice of a medical costs lien of $17,565.68 on April 24, 2009 and b) within a year of commencement of the action.

## II.    LAW AND ANALYSIS

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir.1999).  Bare assertions by the removing party are insufficient to invest a federal court with jurisdiction.  *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir.1993), cert. denied, 114 S.Ct. 685 (1994).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id*.  This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  *Id*.  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938), *citing, McNutt v. General Motors Corp.*, 298 U.S. 178,182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F .2d 1039 (5th Cir.1982), cert. denied, 459 U.S. 1107 (1983).

Since the Court issued its prior opinion remanding the matter to state court, the only new

evidence cited by defendants is a March 11, 2009 settlement demand by plaintiffs for $80,000 inclusive of costs and an April 24, 2009 letter documenting a lien demand for medical costs allegedly totaling $17, 565.68. This new evidence, in conjunction with plaintiff's total wage loss is $25,686.92 and the possibility of recovery of $50,000 in general damages, defendants allege demonstrate that the amount in controversy is met. The Court still finds defendants' allegation regarding plaintiff's possible recovery for general damages too speculative. (See C.A. 08-3615, Rec. Doc. 14.) Defendant also fails to explain how the increase in medical expenses from $4,289.53 in June 2008 to $17,565.68 in April 2009 sufficiently put defendants on notice that the amount in controversy was met. Therefore, the only other new piece of information is plaintiff's settlement demand, for which this notice of removal is untimely under 28 U.S.C. § 1446(b).

## III.    CONCLUSION

Based on the record and the law, the Court finds that the defendant has not established the jurisdictional minimum and consequently has not established subject matter jurisdiction.

Accordingly, IT IS ORDERED that this matter is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 31st day of August, 2009.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**